TILMAN B. CANTRILL, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Franklin.*

An indictment for obstructing an officer in the execution of process, should show that such process was legal. If issued from a Court of limited jurisdiction, for instance, the Court of Probate, it should be made to appear that the Court in issuing it, acted within the sphere of its authority.

INDICTMENT, in the Franklin Circuit Court, against the plaintiff in error for obstructing a constable in the execution of process, tried before the Hon. Walter B. Scates and a jury, at the August term 1846, when a verdict of guilty was rendered, and a fine of $30 imposed by the Court.

The defects in the indictment are noticed by the Court.

*H. Eddy* and *D. J. Baker*, for the plaintiff in error.

The facts stated in the indictment do not constitute an offence, because

1. The authority of the Probate Justice to issue the process is not alleged; and

2. That the process was a *legal* one.

In support of these positions, see 1 Chitty's Crim. Law, 60–2; 3 do. 144, and note *a*; 1 Russell on Crimes, 361–2, side paging.

*D. B. Campbell*, Attorney General, for the People, submitted the cause without argument.

The Opinion of the Court was delivered by

WILSON, C. J. The defendant below was indicted for obstructing an officer in the execution of process. The indictment charges that one Fielding Madox was a constable, duly qualified, &c.; that there was put into his hands for collection a certain execution from the office of Simeon M. Hubbard, Probate Justice of the Peace in and for said county, &c.;

Cantrill *v.* The People.

and then proceeds to charge the defendant in the usual form, with obstructing the constable in the execution of the said process.

Upon the trial of the case, the defendant moved the Court to quash the indictment, which the Court refused to do, but proceeded to trial and judgment against him. The refusal of this motion, the overruling of a motion in arrest of judgment, the refusal of a new trial, and also the instructions given by the Court to the jury, and the refusal of those asked for by the defendant are each assigned for error.

No error is perceived in the opinion of the Court, either in the giving or in the refusal of the instructions referred to. But the judgment must be reversed because of the imperfection of the indictment. The process charged to be in the hands of the constable is not set out, nor is it alleged to be a lawful process, or so described as to show it to be so. The Probate Court is one of limited jurisdiction, It must, therefore, appear that in issuing the execution, it acted within the sphere of its authority. This is not shown. It is merely stated that a certain execution from the office of S. M. Hubbard, Probate Justice of the Peace, &c., was placed in the hands of the constable, &c. If this and all the other charges in the indictment were admitted, it would not necessarily follow that the defendant was guilty, for the execution may have issued upon a judgment in an action of slander, or upon one for a greater amount than the Probate Justice had jurisdiction of.

The judgment of the Court below is reversed.

*Judgment reversed.*